## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-17J |
| | ) |
| RODNEY HANTON, | ) JUDGE GIBSON |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION and ORDER

**GIBSON, J.**

This matter comes before the Court on the Government's Motion to Introduce Evidence at Trial Pursuant to Rule 404(b) (Document No. 45) and the Defendant's Motion *in Limine* to Exclude Other Crimes Evidence and Motion *in Limine* Pursuant to Rule 609 (Document No. 46). The Defendant is charged with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(D) and the carrying of a firearm during and in relation to a drug trafficking crime and possession of that firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i). A jury trial in this matter is scheduled to begin on Monday, April 17, 2006 after the completion of jury selection that same day. For the reasons stated herein, the Government's Motion is granted and the Defendant's Motion *in Limine* to Exclude Other Crimes Evidence as to purposes of evidence of "intent" and ruling is deferred as to the other four potential uses. The Defendant's Motion *in Limine* Pursuant to Rule 609 is granted.

### **F.R.E. 404(b)**

Federal Rule of Evidence 404(b) reads as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Government seeks to introduce the evidence found in the following proffer:

On February 4, 2005, Defendant was stopped by Pennsylvania State Police Sergeant Anthony DeLuca and Trooper Wesley Berkebile for speeding on the Pennsylvania Turnpike. During the stop, Sergeant DeLuca detected a[n] odor of raw marijuana emanating from the car's interior. A subsequent search of the vehicle revealed four bags, containing 922 grams of marijuana, in a piece of luggage in the trunk of Defendant's car.

Government's Motion, p. 3. The Government seeks to introduce this evidence for five

purposes: 1) intent; 2) Defendant's "access to distributable quantities of marijuana"; 3)

Defendant's "knowledge of the subterfuge and concealment inherent in drug-trafficking"; 4)

to counter a defense argument "that the drugs recovered by the [Pennsylvania State Police] were

not attributable to him"; and 5) to counter a defense argument that the Defendant's "arrest on

July 28, 2004 was the result of him being framed by Pennsylvania State Police troopers."

Government's Motion, pp. 4-11.

In analyzing a request to introduce evidence under F.R.E. 404(b), federal courts are

required to follow four "guidelines": 1) the evidence must be proffered for a proper purpose

under Rule 404(b); 2) the evidence must be relevant to that purpose pursuant to Rule 402; 3)

2

the evidence's "probative value must outweigh its prejudicial effect under Rule 403"; and 4) the jury must be charged with regard to the limited purpose that the bad act evidence is admitted. *See Huddleston v. United States,* 485 U.S. 681, 691-692, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771, 783-784 (1988); *United States v. Sampson,* 980 F.2d 883, 886 (3d Cir. 1992).

Under the first guideline, the Court believes all five purposes to introduce the subsequent arrest are proper under Rule 404(b) as they deal with proof of intent, opportunity, knowledge, absence of mistake or accident, and to disprove any defense argument of a "set-up" which itself would be based on an argument of lack of intent and/or knowledge of the possession of the contraband and the marijuana trade in general. *See United States v. Crowder,* 141 F.3d 1202, 1204 (D.C.Cir. 1998)

Moving to the second guideline, a question of relevance under F.R.E. 402, the Court recognizes that intent is clearly at issue as it is an element of the crime of possession with intent to deliver less than fifty kilograms of marijuana but the four other purposes for which it may be offered are not so clearly necessary to the Government's case at this point in time. The Court will therefore defer the remainder of its analysis for the second through fifth purposes of the Government's proffered evidence until the time of trial so as to be able to better understand how such evidence plays a role in the Government's case-in-chief or rebuttal.

Examining the issue of relevance of a crime alleged to be committed by the Defendant seven months after the charged crime, which is very similar in nature to the charged crime, in order to prove the intent element for the earlier act, the Court pays careful attention to the issue of relevance. "Relevant evidence" as defined by F.R.E. 401 is "evidence having any tendency

3

to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Court also notes that the bad acts that are permitted into evidence under Rule 404(b) are not exclusive to "prior acts" but can be acts subsequent to the charged acts. *See United States v. Latney*, 108 F.3d 1446, 1449-1450 (D.C. Cir. 1997); *see also United States v. Germosen*, 139 F.3d 120, 128 (2d Cir. 1998); *United States v. Zapata*, 139 F.3d 1355, 1357 (11th Cir. 1998).

Both the acts charged in the present indictment and the act sought to be admitted under Rule 404(b) occurred prior to the federal grand jury returning the indictment in the case *sub judice*. The two separate acts of possessing marijuana, in July 2004 and February 2005 were very similar in nature: these acts consisted of the De fendant driving a vehicle on the Pennsylvania Turnpike and being stopped for speeding by the same Pennsylvania State Police troopers during a traffic stop and the officers detecting the smell of raw marijuana. The relevance of evidence is not eliminated when it concerns an act committed subsequent to the charged act; the fact that the act sought to be admitted was subsequent to the charged act only bears on the weight of the evidence. *See Latney, supra*. Clearly, when the act sought to be admitted occurred prior to the charged act, it possesses more weight, such as when a defendant had been arrested for the same crime previously and that arrest is sought to be admitted under Rule 404(b) to prove intent for a subsequent act that has been charged and brought to trial; the prior act has more weight to establish that a previous similar act requiring the same intent demonstrates that the actor possessed the experience with the act necessary to demonstrate the intent to commit the act once again. The evidence in the case *sub judice* as proffered reveals

4

almost identical circumstance occurring with the Defendant seven months after the charged crime. This similarity also bears on relevance in that this evidence makes it more probable that the Defendant had the intent to possess marijuana with intent to distribute it, than it would be if this evidence were not admitted. The passage of seven months, after considering the similarity of the acts and their circumstances clearly bring this subsequent act within the definition of relevant evidence for purposes of Rule 401.

Under the third guideline, the Court must evaluate "if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403. The Defendant argues that the admission of testimony and evidence regarding the subsequent traffic stop of the Defendant in February 2005 will confuse and mislead the jury from deciding the case on the evidence regarding only the July 2004 traffic stop and cause prejudice to the Defendant. Defendant's Motion *in Limine* to Exclude Other Crimes Evidence, pp. 1-3.

Clearly, admitting evidence of a similar act committed by the Defendant raises issues of prejudice to him. The question is whether this prejudice substantially outweighs the probative value of the evidence. The Court has concluded already that the subsequent traffic stop in February 2005 was relevant to the issue of intent with regard to the traffic stop in July 2004. The proposed jury instruction regarding the introduction of the February 2005 traffic stop as submitted by the Government properly directs the jury not to consider the Rule 404(b) evidence until they have already determined beyond a reasonable doubt that from the other

5

evidence in the case that the Defendant did commit the acts as charged. Government's Motion, pp. 13-15.

Moreover, a review of relevant case law reveals the level of prejudice upon which exclusion should be ordered. For instance, in the matter of *United States v. Dowling*, 855 F.2d 114, 120-122 (3d Cir. 1988) the trial court permitted the introduction of evidence that the defendant participated in a robbery of an individual two weeks after the charged bank robbery in order to prove identity and a pattern of conduct by the fact that the type of firearm and mask were similar. The Court of Appeals for the Third Circuit reversed the district court's decision to introduce the subsequent bad act evidence based on the fact that the defendant's acquittal in the subsequent robbery barred its introduction because that robbery had not been proven to have occurred and second, the prejudice of the evidence of the subsequent robbery substantially outweighed its probative value because the relevant bad act evidence was "tenuous" as the mask was of a "different color or...like" and the firearm was of a small caliber like that used in the bank robbery, but not proven to be the same gun. *Dowling* at 122. The evidence in the case *sub judice* possesses relevance that is more than marginal: the subsequent traffic stop was conducted by the same police officers, on the same road, on the same defendant, for the same violation of excessive speed, and recovered the same type of contraband (marijuana) only in a different amount and at a time seven months later than the charged offense. This evidence is clearly relevant and is not substantially outweighed by prejudice like the marginally relevant evidence of a subsequent robbery was in *Dowling*.

The Court is aware of the confusion that introduction of such extrinsic evidence may

6

cause to a jury which is deliberating only upon the charged offenses. This possible confusion can be addressed by the proposed jury charge submitted by the Government which explains the purposes of the evidence of the February 2005 traffic stop. First, the Government must prove that the February 2005 traffic stop did indeed occur. The preponderance of the evidence standard does not apply, rather "[i]n the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496, 1501 (1988).[1] *See also Dowling v. United States*, 493 U.S.342, 348-349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708, 718 (1990). At trial in the case *sub judice*, the Government must comply with this standard before this evidence will be admitted. Should the Government put forth evidence from which the jury could reasonably conclude that the February 2005 traffic stop and resulting seizure of marijuana occurred, the Court believes that a properly instructed jury will understand the relevance and use for the evidence of the February 2005 traffic stop and not attempt to convict the Defendant or punish him for the February 2005 traffic stop.

That brings the Court to the fourth guideline of evaluating the proposed jury instruction submitted by the Government regarding the proposed Rule 404(b) evidence. Obviously the Court will present the jury with an instruction regarding the use of the Rule 404(b) evidence for purposes of proving intent. Without reproducing the proposed instruction in this Memorandum Opinion, the Court refers the reader to the Government's motion, pages thirteen, fourteen and

---

[1] The Court notes that the Defendant has indicated that no conviction has occurred on the February 2005 traffic stop. Defendant's Motion, p. 3, n. 1.

7

fifteen. The instruction on those pages properly indicates that the bad act evidence is not evidence of the charges found in the indictment and that the other acts will be used only for limited purposes. The instruction also conditions the use of the bad act evidence only with the conclusion that beyond a reasonable doubt, the Defendant did perform the "physical acts charged in this Indictment." Government's Motion, p. 14. The Government relies upon 1A O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 17.08 (5th ed. 2000). The Court believes that this instruction will be proper after the addition of the *Huddleston* standard for admission of the bad act evidence after proof upon which a jury can reasonably conclude that the February 2005 act of possessing marijuana occurred. With this addition, the Court feels that the proposed jury instruction will alleviate any potential confusion of issues by the jury, prejudice to the Defendant or misleading of the jury.

The Government's motion is granted and the Defendant's motion is denied as to the admissibility of the February 2005 traffic stop for purposes of intent, and ruling will be deferred for all other proffered purposes until the time of trial.

**F.R.E. 609**

The Defendant has moved for the exclusion of any evidence regarding his 1995 arrest, as a juvenile, pursuant to Federal Rule of Evidence 609. Defendant's Motion, p. 4. According to the Defendant, he was charged with two offenses related to possession of a controlled substance on July 20, 1995, but the document at issue in this case allegedly indicates "disposition unreported." Defendant's Motion, p. 4. The Defendant's date of birth is March 21,

8

1978. The Government seeks to introduce the Defendant's criminal record "as impeachment

material under Rule 609 if the Defendant chooses to testify." F.R.E. 609.

Federal Rule of Evidence 609 reads:

**(a) General rule.** For the purpose of attacking the credibility of a witness,

**(1)** evidence that a witness other than an accused has been convicted of a crime
shall be admitted, subject to Rule 403, if the crime was punishable by death or
imprisonment in excess of one year under the law under which the witness was
convicted, and evidence that an accused has been convicted of such a crime shall
be admitted if the court determines that the probative value of admitting this
evidence outweighs its prejudicial effect to the accused; and

**(2)** evidence that any witness has been convicted of a crime shall be admitted if
it involved dishonesty or false statement, regardless of the punishment.

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a
period of more than ten years has elapsed since the date of the conviction or of
the release of the witness from the confinement imposed for that conviction,
whichever is the later date, unless the court determines, in the interests of
justice, that the probative value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effect. However, evidence
of a conviction more than 10 years old as calculated herein, is not admissible
unless the proponent gives to the adverse party sufficient advance written notice
of intent to use such evidence to provide the adverse party with a fair
opportunity to contest the use of such evidence.

\*\*\*

**(d) Juvenile adjudications.** Evidence of juvenile adjudications is generally not
admissible under this rule. The court may, however, in a criminal case allow
evidence of a juvenile adjudication of a witness other than the accused if
conviction of the offense would be admissible to attack the credibility of an
adult and the court is satisfied that admission in evidence is necessary for a fair
determination of the issue of guilt or innocence.

There are two problems with the Government's intent to potentially impeach the

Defendant if he testifies: 1) a defendant's juvenile record is not permitted to be used for

9

purposes of impeachment. F.R.E. 609 (d); *United States v. Pretlow*, 770 F.Supp. 239, 243 (D.N.J. 1991); and 2) without a known disposition of this offense, if the Court did allow it for impeachment purposes, the Court would be unable to determine if the ten year time limit has been met with respect to any possible release from confinement.

For these reasons, the Defendant's Motion *in Limine* Pursuant to Rule 609 is granted.

**AND NOW**, this 17th day of April, 2006, this matter coming before the Court on the Government's Motion to Introduce Evidence at Trial Pursuant to Rule 404(b)(Document No. 45) and the Defendant's Motion *in Limine* to Exclude Other Crimes Evidence and Motion *in Limine* Pursuant to Rule 609 (Document No. 46), in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Government's Motion is GRANTED and the Defendant's Motion *in Limine* to Exclude Other Crimes Evidence is DENIED to the extent that the Government's motion seeks to admit the February 2005 traffic stop of the Defendant for purposes of proving intent, and ruling is deferred as to the remaining four potential purposes of the Government's use of the February 2005 traffic stop of the Defendant until the time of trial when the Court can more properly evaluate their proffered use, relevance and success of meeting the standards of Federal Rule of Evidence 403; IT IS FURTHER ORDERED THAT the Defendant's Motion *in Limine* Pursuant to Rule 609 is GRANTED and the Government is precluded from utilizing any evidence of the Defendant's juvenile conviction from 1995 for impeachment of the Defendant.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

11